O’Donnell, J.,
concurring in part and dissenting in part.
*291 {¶ 25} In this appeal, we confront two issues: one, whether R.C. 2945.75(B)(1) provides the exclusive method by which the state must prove a prior conviction for purposes of enhancing the level of a subsequent domestic-violence offense and two, whether an entry of judgment offered for that purpose must comply with the finality requirements of Crim.R. 32(C). Although I concur in the holding of the majority that the state is not restricted to the method for proving a prior conviction set forth in R.C. 2945.75(B)(1), I respectfully dissent from the determination that an entry of judgment offered for that purpose must comply with Crim.R. 32(C).
Enhancement of a Subsequent Offense of Domestic Violence
{¶ 26} Domestic violence is a third-degree felony if the offender “previously has pleaded guilty to or been convicted of two or more offenses of domestic violence.” R.C. 2919.25(D)(4). A prior conviction is an essential element of a crime when it enhances the level of the subsequent offense, State v. Allen, 29 Ohio St.3d 53, 54, 506 N.E.2d 199 (1987), and the state is required to prove this element beyond a reasonable doubt, State v. Henderson, 58 Ohio St.2d 171, 173, 389 N.E.2d 494 (1979). Thus, to sustain a conviction for domestic violence as a third-degree felony in accordance with R.C. 2919.25(D)(4), the state assumed the burden to prove beyond a reasonable doubt that Gwen “previously has pleaded guilty to or been convicted of two or more offenses of domestic violence.”
{¶ 27} Regarding such proof, R.C. 2945.75(B)(1) provides:
Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction.
(Emphasis added.)
{¶ 28} Following this framework, the first issue is whether R.C. 2945.75(B)(1) provides the exclusive method by which the state must prove a prior conviction for purposes of enhancing a subsequent domestic-violence offense, and its resolution requires interpretation of the statute. The goal of statutory construction is to ascertain and give effect to the intent of the legislature. State v. Hairston, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 11. When analyzing a statute, we first examine its plain language and apply the statute as written when the meaning is clear and unambiguous. State v. Lowe, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 9.
{¶ 29} R.C. 2945.75(B)(1) provides that a certified copy of an entry of judgment and identification of the defendant named in the entry constitute sufficient *292 evidence of a prior conviction. The language of that statute is plain and its meaning is unambiguous; when the state needs to prove a prior conviction to enhance a subsequent offense, specific evidence offered to identify the defendant together with the judgment of conviction is sufficient proof. R.C. 2945.75(B)(1), however, does not contain any language suggesting that this method is the exclusive method of proof; it merely identifies evidence that is sufficient proof.
{¶ 30} Therefore, I agree with the determination that R.C. 2945.75(B)(1) provides one method by which the state may prove a prior conviction, but it is not the only method by which the state must do so, and, thus, I concur in this holding of the majority.
{¶ 31} The second issue we confront is whether an entry of judgment offered by the state as proof of a prior conviction must comply with the finality requirements of Crim.R. 32(C). Resolution requires that we construe R.C. 2919.25(D), which provides for enhancement of a subsequent domestic-violence offense if the offender “previously has pleaded guilty to or been convicted of two or more offenses of domestic violence.”
{¶ 32} The terms “pleaded guilty” and “convicted” are at the core of this controversy and provide the starting point for analysis, which requires that we read these terms in context and construe them according to the ordinary rules of grammar and common usage. R.C. 1.42. The language here is plain and its meaning is unambiguous; these terms connote past action, identifying the means by which an offender possesses a prior conviction for domestic violence, and read together in context denote a determination of guilt.
{¶ 33} Further, R.C. 2919.25(D) does not mention or contain any reference to Crim.R. 32(C), and it contains no language suggesting that an entry of judgment offered by the state to prove a prior conviction must include the technical requirements for finality, which have developed in the context of appealable orders for the purpose of providing a date certain from which the time for appeal begins to run, and which share neither context nor purpose with offense enhancement. Thus, in my view, reading R.C. 2919.25(D) as requiring compliance with Crim.R. 32(C) adds an element that does not exist in the statute. As such, that reading violates the rule of construction that we give legal effect to the words of a statute, as well as the principle that an unambiguous statute may not be modified by adding or deleting words. State v. Teamer, 82 Ohio St.3d 490, 491, 696 N.E.2d 1049 (1998).
{¶ 34} Interpreting R.C. 2919.25(D) in this manner is inconsistent with our decision in State ex rel. Watkins v. Fiorenzo, 71 Ohio St.3d 259, 643 N.E.2d 521 (1994), which construed language in former R.C. 2921.41(C)(1) providing that any official who is “convicted of or pleads guilty to” theft in office is forever disqualified from holding any public office. This court concluded that the statute *293 required only a determination of guilt, because its plain language allowed for a guilty plea to invoke disqualification. Id. at 260. In Watkins, the court further explained that in so wording the statute, “the General Assembly placed ‘convicted’ on equal footing with a guilty plea.”
{¶ 35} The rationale of State ex rel. Watkins v. Fiorenzo is applicable and supports interpreting R.C. 2919.25(D) in the same manner. Here, too, the General Assembly placed “pleaded guilty to” and “convicted of’ on equal footing because either can serve as the basis for enhancing a subsequent domestic-violence offense. The context in which those terms are used in both cases is also similar, further buttressing that determination.
{¶ 36} A careful reading of State v. Henderson, 58 Ohio St.2d 171, 389 N.E.2d 494 (1979), discloses that it likewise lends support for this construction. There, the defendant pled guilty to receiving stolen property in violation of R.C. 2913.51. However, before the trial court imposed sentence, in a separate indictment, the state alleged that the offense to which the defendant had pled guilty was grand theft pursuant to former R.C. 2913.02(B), which enhanced the offense from a misdemeanor to a fourth-degree felony. The statutory language provided that if the offender had “previously been convicted of a theft offense, then violation of this section is grand theft, a felony of the fourth degree.” 1972 Am.Sub.H.B. No. 511, 134 Ohio Laws, Part II, 1927. Guided by the mandate of R.C. 2901.04(A) to construe definitions of criminal offenses against the state and in favor of the accused, as well as by the fact that a prior conviction constituted an element of the crime of grand theft, this court concluded that the term “convicted” in the statute meant a final judgment of conviction. In addition, our analysis expressed agreement with “the reasoned conclusion” of the appellate court that “if the allegation of a plea of guilty is legally insufficient to charge an offense of which a prior conviction is a requisite element, then the proof of such plea is necessarily insufficient to establish this element of the charged offense.” Henderson at 177.
{¶ 37} The syllabus paragraphs of Henderson appear to support a contrary result, but the differences in statutory language and purposes between that case and this make Henderson irrelevant. Unlike former R.C. 2913.02(B) in Henderson, R.C. 2919.25(D) does not limit enhancement to past convictions. It includes guilty pleas, which expresses a legislative intent to lessen the state’s burden of proof. Instead, the majority increases the state’s burden by requiring compliance with Crim.R. 32(C).
{¶ 38} Notably, the author of the majority dissented in State v. Whitfield, and advanced arguments similar to those expressed in this dissent. 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 31-34 (Lanzinger, J., dissenting).
*294 {¶ 39} In my view, the language of R.C. 2919.25(D) is plain and its meaning is unambiguous, and it contains no language suggesting that an entry of judgment must comply with Crim.R. 32(C). Thus, reading R.C. 2919.25(D) to mandate that an entry of judgment include all the elements of finality adds a requirement that is not found in the statute. Such a construction violates the duty to apply a statute as written and not to read words into a statute that the legislature did not place there. State v. Brown, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 37.
{¶ 40} Accordingly, an entry of judgment offered by the state pursuant to R.C. 2945.75(B)(1) to prove a prior conviction for purposes of enhancing a subsequent domestic-violence conviction need not comply with Crim.R. 32(C); enhancement in R.C. 2919.25(D) is premised on a determination of guilt and not on a judgment containing all the requisites of finality, which developed in an unrelated context and for a different purpose.
{¶ 41} The purpose and legislative history of R.C. 2919.25 remove any doubt as to legislative intent. First, the General Assembly’s concern with the special nature and seriousness of domestic violence is reflected in its decision to allow the state more leeway in proving prior offenses. A plea of guilty is sufficient. The legislature could have limited enhancement to cases in which there is a judgment entry of conviction, but it did not do so.
{¶ 42} Further, in 2002 the 124th General Assembly in Am.Sub.H.B. No. 327 amended R.C. 2919.25(D), adding the phrase “pleaded guilty to” and placed it next to “convicted of,” joined by the disjunctive “or.” 149 Ohio Laws, Part IV, 7548. The Act Summary of the Final Bill Analysis sets forth the intent of the legislature:
Under preexisting law retained by the act, generally, a violation of the third prohibition is a misdemeanor of the fourth degree, and a violation of either of the first two prohibitions is a misdemeanor of the first degree. But under former law, if the offender previously had been convicted of domestic violence, * * * a violation of the third prohibition was a misdemeanor of the third degree, and a violation of either of the first two prohibitions was a felony of the fifth degree. (R.C. 2919.25.)
The act expands the circumstances in which former law enhanced the penalty for the offense of domestic violence. Under the act, the penalty also is enhanced when the offender previously pleaded guilty to any of the offenses described above in “Formerly.” Under former law, the statutory language provided for enhancement of the penalty only when the offender *295 previously had been convicted of any of those offenses. The act also expands the list of offenses that is relevant in determining the enhancement. Under the act, the penalty also is enhanced when the offender previously has been convicted of or pleaded guilty to a violation of a law of the United States or another state, or a municipal ordinance of a municipal corporation in another state that is substantially similar to the violations described above in “Formerly.” (R.C. 2919.25(D).)
Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Heaven DiMartino, Assistant Prosecuting Attorney, for appellee.
(Emphasis and boldface sic.)
{¶ 43} The above demonstrates that the legislature added “pleaded guilty” to expand the circumstances for enhancement, and in doing so, placed guilty pleas and convictions on an equal footing. Requiring an entry of judgment offered as proof of a prior conviction to comply with Crim.R. 32(C) narrows the circumstances for enhancement by disqualifying entries that, coupled with evidence of identification, would otherwise constitute sufficient evidence of a prior conviction.
Conclusion
{¶ 44} The language of R.C. 2945.75(B)(1) is plain and its meaning unambiguous: when the state needs to prove a prior conviction to enhance a subsequent domestic violence offense, R.C. 2945.75(B)(1) identifies evidence that constitutes sufficient proof without restricting the state to this method of proof exclusively.
{¶ 45} I respectfully dissent from the holding of the majority requiring an entry of judgment offered as proof of a prior conviction for purposes of enhancing a subsequent domestic-violence offense to comply with Crim.R. 32(C), as such a construction imposes a new requirement not in the statute and contravenes expressed legislative intent.
{¶ 46} For these reasons, I would resolve the conflict by holding that a certified copy of an entry of judgment offered by the state pursuant to R.C. 2945.75(B)(1) to prove a prior conviction for purposes of enhancing a subsequent domestic-violence offense need not comply with Crim.R. 32(C). I would reverse that portion of the judgment of the court of appeals and remand for proceedings consistent with this opinion.
Lundberg Stratton, J., concurs in the foregoing opinion.
*296 Neil P. Agarwal, for appellant.